HARRIS et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.    March 5, 1912.)

No. 2,177.

COMMERCE (§ 82*)—VIOLATION OF WHITE SLAVE ACT—EVIDENCE—SUFFICIENCY.
On a prosecution for inducing the interstate transportation of women
for unlawful purposes, evidence examined, and *held* to support a convic-
tion.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 47; Dec. Dig.
§ 82.*]

In Error to the District Court of the United States for the Southern
District of Ohio.

Emma Harris and another were convicted of violation of the white
slave act, and they bring error.    Affirmed.

Max Levy, for plaintiffs in error.

Thomas H. Darby, Asst. U. S. Atty. (Sherman T. McPherson, U.
S. Atty., on the brief), for the United States.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit
Judges.

DENISON, Circuit Judge.    This case presents no question not dis-
posed of by our opinion in the accompanying case of Bennett v. United
States, 194 Fed. 630, save this:    Was respondent Harris entitled to
an instructed acquittal because of the failure of sufficient evidence to
support a verdict of guilty?

In this case, two women came from Charleston, W. Va., and entered
and remained for a time in the house of prostitution kept by Harris,
in Cincinnati.    There is no direct evidence that she had anything to
do with inducing or aiding them to come, and support for this con-
clusion is to be found only in the circumstances.    The evidence tended
to show that respondent Green, an inmate of the same house, went
from Cincinnati to Covington, and then, after a couple of days, to
Charleston, arriving there in the morning; that on the same after-
noon she started back for Cincinnati; that she furnished money to pay
transportation for the two Charleston women who came with her;
that they all went together to the Harris house the next morning; that
a day or two later, the trunks of the Charleston women followed them
to the Harris house with C. O. D. charges, including bills due from
them to the keeper of the Charleston house of the same kind where
they had been living; that Harris paid these C. O. D. charges and
charged the same on her book against the Charleston women; and
that such book, when later exhibited to them, also contained the charge
for their railroad tickets from Charleston.    Inasmuch as there was
nothing unlawful, under this statute, in receiving these women or ad-
vancing the charges on their baggage, conviction must rest upon the
theory that respondent Green went to Charleston and advanced the
railroad fare while acting as the agent for the respondent Harris.
This is explicitly denied by respondent Green, as a witness.    The cir-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cumstance that she went away and soon returned with the other women is consistent with this theory of guilt, but it is not seriously inconsistent with the theory that Green acted for herself only; and respondent's counsel therefore say that absolutely essential support for the verdict must be found, if at all, in the proof indicating that she charged this railroad fare against the Charleston women in her account with them; and further say that such evidence of this fact as appears in this case—the testimony of a witness with a grievance who claims to have seen the entry in a book not otherwise shown to exist—is evidence so easily fabricated and so far relates to a fact which might be consistent with innocence, that a verdict based thereon should not be allowed to stand. This argument by respondents' counsel rests on a confusion between the fact and the evidence of that fact. The agency is the essential fact, the existence of the book entry is one item of evidence, and we do not feel at liberty to set aside the verdict in this case for this reason. We think the question whether, under all the evidence, Green was acting for Harris, was a question for the jury. The weakness of the proof of the book entry was to be considered in connection with all the circumstances, including Harris' occupation, the likelihood that she might desire and send for more inmates, the reasonableness of the story told by Green, and all the other surrounding facts. The keeper of such a resort, who receives inmates, knowing that they have just come from another state and knowing the purpose for which they came, and who then advances them money incident to their journey, and who finds that a jury has concluded that she instigated the journey, cannot say that the verdict is without support because the jury's conclusion is drawn from circumstances which, in another environment, might not have led to the same inference. The probative force of such environment, as supporting or as contradicting the words of a witness, pertains to an issue of fact and not to one of law.

It follows that the conviction and sentence will be affirmed.